IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Taylor, #15614-171, | C/A No.: 1:14-3929-RBH-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Francisco Quentana, | |
| Respondent. | |

Petitioner Robert Taylor, proceeding pro se, is a federal inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. He submits this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice.

I.   Factual and Procedural Background

Petitioner entered a guilty plea to firearm and drug offenses on May 1, 2008, in the United States District Court, District of South Carolina, Florence Division. [ECF No. 1 at 4]. The court sentenced Petitioner to 180 months. *Id.* Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 on July 6, 2010, which the court denied on September 20, 2010. *See United States v. Taylor*, C/A No. 4:07-1285-RBH, ECF Nos. 65,

78 (D.S.C. Sept. 26, 2008).[1] In 2011, Petitioner sought permission from the Fourth Circuit Court of Appeals to file a successive § 2255 petition. *Id.* at ECF No. 104. The Fourth Circuit denied the request on August 28, 2012. *Id.* Petitioner filed a second § 2255 motion on January 15, 2013, which was denied by the court as successive on April 16, 2013. *Id.* at ECF Nos. 101, 104. Petitioner filed a § 2241 petition with the Sixth Circuit of Appeals in October 2013 that was denied in February 2014. [ECF No. 1 at 3]. Petitioner files this instant § 2241 petition alleging that he was improperly sentenced as a career offender.[2]

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more prior convictions for certain drug crimes or violent felonies. 18 U.S.C. § 924(e)(1).

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Failure to file in the proper district court

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

3

Petitioner is confined in Lexington, Kentucky. As this court lacks personal jurisdiction over Petitioner's custodian, the case is recommended for summary dismissal. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."); *see also Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (concluding that "phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed").

        2.      Transfer to the proper district court would not further the interests of justice

A district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice. *See* 28 U.S.C. § 1631. However, transfer of a case is not mandatory, *see Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004), and a "district court retains discretion to dismiss a wrongly filed petition" where transfer would waste judicial resources. *United States v. McNeill*, No. 12-6129, 2013 WL 1811904, at *5 (4th Cir. May 1, 2013). As explained below, even if the instant action had been properly filed in this court, it would still be subject to summary dismissal. Thus, transfer of this case to the United States District Court for the Eastern District of Kentucky does not promote the interest of justice.

      3.      A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Petitioner seeks relief from his federal sentence and conviction. Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of the Petitioner's detention. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

      4.      Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner has unsuccessfully challenged his sentence under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

5

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention.  In *In re Jones*, the court held that a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Petitioner provides no facts to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner attempts to invoke § 2255's savings clause and demonstrate that the sentencing court improperly enhanced his sentence. However, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 F. App'x. 327, 328 (4th Cir. 2013) (holding that a challenge to a sentencing factor is not cognizable under § 2241). As Petitioner cannot demonstrate that a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255, and this case is subject to summary dismissal.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss this case without prejudice.

IT IS SO RECOMMENDED.

October 23, 2014                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).