IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Taylor, #15614-171, ) | Civil Action No.: 1:14-cv-3929-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Francisco Quentana, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On October 9, 2014, Robert Taylor, #15614-171 ("Petitioner"), a federal prisoner currently confined at Federal Medical Center—Lexington in Lexington, KY, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Pet., ECF No. 1. Petitioner is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 12. In her R & R, the Magistrate Judge recommends the Court dismiss Petitioner's petition without prejudice and without requiring the respondent to file a return. *See id.* at 6.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner alleges that he pled guilty to a firearm offense and drug offenses on May 1, 2008 in the United States District Court for the District of South Carolina, and received a sentence of 180 months. *See* ECF No. 1 at 4. Records in Petitioner's criminal case, *United States v. Taylor*, confirm that Petitioner was originally sentenced to a 180 month term of imprisonment on September 22, 2008, following a guilty plea.[1] *United States v. Taylor*, No. 4:07-cr-1285-RBH-1

---

[1] The court may take judicial notice of Petitioner's prior court records and proceedings. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

(D.S.C. Sept. 20, 2010). On July 6, 2010, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, which was denied on September 20, 2010. *See id.* at 1.

On May 9, 2012, Petitioner filed another motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Taylor*, No. 4:07-cr-1285-RBH-1 (D.S.C. July 25, 2012). The district court dismissed that petition without prejudice to allow Petitioner to seek permission from the Fourth Circuit file a second or successive motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See id.*

At some point Petitioner was transferred to FMC – Lexington in Lexington, KY, and on October 9, 2014, he filed the Petition that is presently before the court pursuant to § 2241. Petitioner does not appear to have obtained authorization from the United States Court of Appeals for the Fourth Circuit to proceed with a second or successive § 2255 petition.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

2

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### DISCUSSION

In his Petition, Petitioner asserts that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he was improperly classified as a career career offender under the United States Sentencing Guidelines ("U.S.S.G.").[2] *See* ECF No. 1 at 6–7. Petitioner asserts that he should be allowed to proceed under § 2241 because he has satisfied the savings clause of § 2255(e). *See id.* at 7.

In her R & R, the Magistrate Judge recommended finding that Petitioner failed to file this petition in the proper district court. *See* ECF No. 12 at 3–4. As the Magistrate Judge noted, district courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Thus, the proper respondent for a § 2241 petition is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)

---

[2] The USSG classify a defendant as a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1.

3

(quoting *Whales v. Whitney*, 114 U.S. 564, 574 (1885)). Because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495 (1973)). Here, Petitioner is confined in Lexington, Kentucky. Accordingly, the Magistrate Judge found that the Court lacks personal jurisdiction over Petitioner's custodian, and thus the case should be dismissed. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian.").

The Magistrate Judge found that transferring the case would not further the interest of justice. *See* 28 U.S.C. § 1631. She noted that transfer is not mandatory, *see Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004), and the District Court maintains "discretion to dismiss a wrongly filed petition" where a transfer would waste judicial resources. *United States v. McNeill*, 523 Fed. App'x 979, 084 (4th Cir. 2013). She determined that transferring this matter would be a waste of judicial resources.

Petitioner objected, requesting that the Court allow Petitioner the right to file his petition in the proper District Court located within the jurisdiction where he is confined. *See* ECF No. 15 at 1. Petitioner agrees with the Magistrate Judge that this Court lacks jurisdiction and the proper court would be the district court encompassing Lexington, Kentucky, where he is presently confined. *See id.* at 1–2. However, he requests that the Court transfer his petition rather than dismiss it. *See id.* at 2.

Therefore, Petitioner agrees with the Magistrate Judge that this petition was improperly filed in this Court. Petitioner also agrees that the Petition should have been filed in the district court

4

where he is confined.  Petitioner, however, disagrees with the Magistrate Judge's recommendation of dismissal and requests that the Court transfer his petition.  The Court finds that a transfer would be a waste of judicial resources and that Petitioner's challenge to his federal sentence is more properly brought as a § 2255 motion.  Petitioner has not established that § 2255 is inadequate or ineffective merely because he is procedurally barred.  *See* R & R, ECF No. 12 at 5–6.  The Court finds that a transfer of the present petition would waste judicial resources and thus declines to do so.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Petitioner's petition, the Magistrate Judge's R & R, Petitioner's objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition is **DISMISSED** *without prejudice* and without requiring respondent to file a return.

**IT IS SO ORDERED**.

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
November 18, 2014